# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARYL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-11 SPM |
| | ) | |
| STEVE LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. The Court takes judicial notice that on December 15, 2017, inmate Damon Johnson filed a joint complaint in the case of *Johnson v. Long*, No.1:16-CV-293 SNLJ (E.D.Mo.), with plaintiffs Vincent Sargent, James Mitchell, Talmadge Graham and Daryl Davis. The Honorable Stephen N. Limbaugh, Jr., found that plaintiffs' complaint could not proceed as a joint lawsuit and split the matter into multiple single lawsuits in this Court. *Id.* In accordance with Judge Limbaugh's January 17, 2017, Memorandum and Order, the original joint complaint was filed as an original complaint in each of the co-plaintiffs' separate actions. *See Sargent v. Long*, No. 1:17-CV-0012 NAB (E.D.Mo.); *Davis v. Long*, No. 1:17-CV-0011 SPM (E.D.Mo.); *Graham v. Long*, No. 1:17-CV-0010 CEJ (E.D.Mo.); *Mitchell v. Long*, 1:17-CV-0009 NCC (E.D.Mo.).

Having reviewed the joint complaint filed in this matter on behalf of plaintiff Daryl Davis, the Court finds that it is defective for the following reasons. The complaint contains multiple claims by multiple plaintiffs who are no longer a party to the instant lawsuit. Additionally, plaintiff has named multiple persons as defendants in this action, but he has failed to make any allegations against those defendants in his complaint. *See Madewell v. Roberts*, 909

F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Plaintiff Daryl Davis will be provided thirty (30) days to file an amended complaint on a court-form[1] containing only **his own**, personal allegations against defendants who have been personally involved in the purported violations of the alleged unlawful behaviors against him.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, or from the prior lawsuit filed by his co-plaintiffs, will be deemed abandoned and will not be considered. *Id.*

Furthermore, the allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

If plaintiff fails to file an amended complaint on the Court's form within thirty (30) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. Additionally, in order to proceed in this lawsuit, plaintiff must also submit a certified copy of his prison trust account statement for the six-month period

---

[1]Local Rule 2.06(A) allows the Court to require plaintiff to file his complaint on a court-provided form.

before the filing of the complaint. If he fails to do so, the lawsuit will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this Order, plaintiff must submit a copy of his prison trust account statement for the six-month period before the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 20th day of January, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE